THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTONY NEVILLE, *et al.*, | CASE NO. C20-0299-JCC |
| Plaintiffs, | ORDER |
| v. | |
| GRIFFIN MACLEAN, INC., *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant Griffin Maclean, Inc's ("GMI") motion for judgment on the pleadings (Dkt. No. 12). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion in part and DENIES the motion in part for the reasons explained herein.

GMI initially sought a judgment on the pleadings as to the entirety of Plaintiffs' claims; GMI has since withdrawn its motion with respect to all but one—Plaintiffs' second claim, which alleges that Defendants failed to provide the required continuation of health insurance benefits under ERISA following Plaintiff Antony Neville's separation from GMI. (Dkt. Nos. 1 at 5–6; 17 at 2.) GMI argues that this was a compulsory counterclaim in a previous Washington State court case for which the court issued judgment and, on this basis, Plaintiff and his family ("Plaintiffs") are barred from bringing it in this venue. (*See generally* Dkt. No. 12.) In the Washington case, GMI sued Plaintiff following the termination of his employment, alleging Plaintiff impermissibly

used GMI's proprietary information and business contacts to establish a competing business following Plaintiff's departure from GMI—an insurance service provider. (*See generally* Dkt. No. 13-1 at 2–17.)

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is "functionally identical" to a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). As such, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Hansen v. Boeing Co.*, 903 F. Supp. 2d 1215, 1217 (W.D. Wash. 2012) (applying Rule 12(b)(6) plausibility standard to resolve a Rule 12(c) motion). In conducting this analysis, the Court must accept the complaint's factual allegations as true and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). However, the Court may take judicial notice of adjudicative facts in the absence of a reasonable dispute about those facts. Fed. R. Evid. 201(a)–(b). This includes documents in an underlying Washington state court case. *See Khazali v. Berns*, Case No. C16-1022-JLR, Dkt. No. 7 at 3 n.3 (W.D. Wash. 2016) (collecting cases).

If a counterclaim is compulsory in another proceeding, but not brought, the defendant is barred from bringing the claim in another venue. *Springs v. First Nat. Bank of Cut Bank*, 835 F.2d 1293, 1295 (9th Cir. 1988). Whether such a claim should have been pled in a prior state proceeding is a question of state law. *Id.* Under Washington law, compulsory counterclaims are barred in later litigation if they "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim." Wash. Sup.Ct. Civ. R. 13(a). A claim arises "out of the same transaction or occurrence" if it is "logically related" to the original claim. *Chukri v. Stalfort*, 403 P.3d 929, 932 (2017); *see Schoeman v. New York Life Ins. Co.*, 726 P.2d 1, 7 (1986) (applying the logical relationship test). In considering the relationship between the two, a "broad

realistic interpretation" is required. *Id.*

In arguing against dismissal, Plaintiffs focus the Court on the relationship between their continuation of coverage claim and their other ERISA claims brought to this Court. (*See generally* Dkt. No. 14 at 24–28.) This argument, however, ignores the clear relationship between the continuation of coverage claim and the subject matter of the prior litigation: Plaintiff's employment relationship with GMI and its subsequent termination. (*See generally* Dkt. Nos. 13-1 at 2–429; 14-1 at 2–76; 15-1 at 2–81.) And it is belied by Plaintiff's arguments to the Washington State court. (*See* Dkt. No. 13-13 at 7–11 (lengthy argument on the issue); 15 (further argument how the "[t]he continuation of the health insurance post-employment tied into" and "dovetails with" the matter before the State court).) Nor is the Court persuaded by Plaintiffs' argument based on the State court's refusal to admit evidence regarding ERISA violations. (Dkt. No. 14 at 25.) This is of no surprise since Plaintiff elected not to include GMI's failure to provide continuation of coverage as a counterclaim. (*See generally* Dkt. No. 13-1 at 13–28.) Finally, the Court does not find the lack of identity of persons between the State court case and this one to be controlling. Plaintiff's spouse and their minor child could have been joined as necessary parties in the State court case to bring the relevant counterclaim. *See* Wash. Sup.Ct. Civ. R. 19; *Mayo v. Jones*, 505 P.2d 157, 161 (1972) (describing instances when joinder is required). For whatever reason, Plaintiff chose not to do so.

For the foregoing reasons, Defendant GMI's motion for judgment on the pleadings (Dkt. No. 12) is GRANTED in part and DENIED in part. Plaintiffs' second claim is DISMISSED with prejudice. The remaining claims survive.

//
//
//
//
//

DATED this 30th day of September 2020.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE